FILED

11 JAN 12 PM 12:44

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:     DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF D. MONTGOMERY,<br><br>                           Petitioner,<br><br>          v.<br><br>UNKNOWN,<br><br>                           Respondent. | Civil No.    10-2526 BEN (BGS)<br><br>**ORDER CONSTRUING HABEAS PETITION AS ONE UNDER 28 U.S.C. § 2241 AND DISMISSING CASE WITHOUT PREJUDICE** |

      Petitioner, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In the Petition, Petitioner challenges his involuntary civil commitment to a mental health facility. Although Petitioner filed this action pursuant to 28 U.S.C. § 2254, Petitioner does not challenge any state court "conviction." *White v. Lambert*, 370 F.3d 1002, 1006-07 (9th Cir. 2004), overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). Based on the allegations in the Petition, the only potential habeas relief available to Petitioner would be the general habeas relief set forth in 28 U.S.C. § 2241. Therefore, this Court analyzes the Petition under Section 2241. *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) (courts must "construe pro se habeas filing liberally.").

      Similar to a Section 2254 petition, a Section 2241 petition is subject to initial screening and sua sponte dismissal for failure to a state claim. *See* 28 U.S.C. § 1915A and Rules 1(b) and 4(b) of the Rules Governing Section 2254 proceedings; *see also Boutwell v. Keating*, 399 F.3d

1203, 1211 n. 2 (10th Cir. 2005) (finding that a district court acted within its discretion when applying the Rules Governing Habeas Corpus Cases Under Section 2254 to a § 2241 petition).

To state a claim under Section 2241, a petitioner must sufficiently allege that he or she is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). And, it "is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. at 67-68. Thus, a federal habeas corpus petition must allege a deprivation of one or more federal right to present a cognizable claim under Section 2241.

Here, Petitioner fails to identify which, if any, federal rights have been violated by his involuntary mental health commitment. At most, Petitioner appears to allege violations of Petitioner's state rights and, thus, seeks only state habeas relief. Indeed, one of the attachments to the Petition is Petitioner's state habeas corpus petition which is incorporated by reference into the Petition and is cited in support of Petitioner's allegations. Accordingly, the Court finds that the Petition fails to state a claim for relief and must be dismissed accordingly.

If Petitioner wishes to proceed with this case, he must submit an amended Section 2241 petition that corrects the deficiencies outlined above, **no later than February 1, 2011**. Alternatively, if Petitioner is, in fact, challenging a state court conviction and wishes to proceed under Section 2254, then Petitioner may instead submit an amended petition under Section 2254 that clearly identifies the conviction he is challenging and must do so **no later than February 1, 2011**.

**IT IS SO ORDERED**.

Date: January /12, 2011

Hon. Roger T. Benitez
United States District Court Judge